<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                 :

JANSSEN PHARMACEUTICALS, INC.  :
et al.,                                :
                                 :

      Plaintiffs,                :     Civil Action No. 08-5103 (SRC)
                                 :

            v.                 :
                                 :     **OPINION & ORDER**

WATSON LABORATORIES, INC. et al.  :
                                 :
      Defendants.            :
_____:

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on three motions in limine by Defendants Lupin Pharmaceuticals, Inc. and Lupin Limited (collectively, "Lupin"): 1) the motion to exclude evidence of unexpected results of Ortho Tri-Cyclen Lo; 2) the motion to exclude duplicative expert testimony; and 3) the motion to exclude evidence of alleged commercial success of Ortho Tri-Cyclen Lo.  For the reasons stated below, the motions will be denied.

As to the motion in limine to exclude evidence of unexpected results of Ortho Tri-Cyclen Lo, Lupin contends that Plaintiffs are likely to offer "a scientifically unsound collection of data, drawn from two studies."  (Defs.' Br. 2.)  Lupin argues that such evidence is unreliable, prejudicial, and confusing, and that it should be barred under Federal Rule of Evidence 403.  Yet the gist of Lupin's criticisms of the evidence is that the underlying studies do not support the assertions made to the PTO about them by the applicant.  This argument appears unrelated to Rule 403, which states: "The court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Lupin here has made no demonstration that the evidence presents any of these dangers. Rather, it is Lupin that has confused the issues here. Lupin raises issues of scientific flaws and lack of scientific reliability as if it had made a Daubert motion under Rule 702 regarding expert testimony – yet it has not done so.[1] Lupin has made no showing that the studies alleged to show unexpected results are confusing, misleading, or a waste of time. This in limine motion under Rule 403 is denied.

As to the motion to exclude duplicative expert testimony, Lupin points to three expert reports submitted by Plaintiffs and contends that they are largely duplicative. This Court need not address this issue now. It will be more efficient to address this at trial. Should Plaintiffs begin to present duplicative expert testimony at trial, this Court will welcome a motion to exclude the duplicative evidence. The motion to exclude duplicative expert testimony is denied without prejudice.

As to the motion to exclude evidence of alleged commercial success of Ortho Tri-Cyclen

---

[1] Even if this motion challenged the reliability of the opinion of a scientific expert, this Court must still follow Third Circuit law:

> A judge frequently should find an expert's methodology helpful even when the judge thinks that the expert's technique has flaws sufficient to render the conclusions inaccurate. He or she will often still believe that hearing the expert's testimony and assessing its flaws was an important part of assessing what conclusion was correct and may certainly still believe that a jury attempting to reach an accurate result should consider the evidence.

In re Paoli R.R. Yard Pcb Litig., 35 F.3d 717, 744-745 (3d Cir. 1994).

Lo, Lupin contends that such evidence is only weakly probative as a secondary consideration in the obviousness inquiry because of the presence of several blocking patents.  Lupin argues that, given how weakly probative such evidence is, it would be a waste of time to spend days of trial time on this issue.  This Court has not been persuaded that this provides a good reason to exclude all evidence of commercial success at this juncture.  Lupin does not allege that the evidence is entirely irrelevant, merely that it is not important enough to warrant the use of days of trial time to present it.  This is a decision better made during trial: should Lupin believe during trial that time is being wasted on the presentation of evidence of little probative value, this Court will welcome a motion raising that issue.  The motion to exclude evidence of alleged commercial success of Ortho Tri-Cyclen Lo is denied without prejudice.

For the reasons stated above,

**IT IS** on this 30th day of January, 2012,

**ORDERED** that Lupin's motions in limine (Docket Entry Nos. 209, 210, and 211) are **DENIED.**


  s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.


3